IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charles Raymond Burden, ) | C/A No. 0:15-4728-DCN-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Spartanburg Housing Authority; Nathan ) | |
| Bragg, *Supervisor for SHA*; Michael McCall, ) | |
| *SCDC Director*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

      The plaintiff, Charles Raymond Burden, a self-represented state prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.

**I.     Procedural Background**

      Plaintiff alleges that he was working under the supervision of Defendant Nathan Bragg in July of 2014, when Bragg told Plaintiff that he did not have to wear protective safety "chaps to trim hedges." (ECF No. 1 at 4.) Plaintiff alleges that he cut his knee "as a result," requiring twenty-three stitches and staples to close the wound. (Id.) Plaintiff states that he received medical treatment for the injury but has ongoing numbness, pain, and nerve damage. (Id.) Plaintiff claims that Bragg's "incompetence" and "gross negligence" caused Plaintiff's injury. (Id.) Plaintiff seeks damages and injunctive relief in the Complaint. (Id. at 3.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[1] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is

---

[1] Screening pursuant to § 1915A is subject to this standard as well.



charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). In this case, Plaintiff's Complaint has been liberally construed as purporting to allege



the defendants' deliberate indifference to Plaintiff's safety in violation of the Eighth Amendment. However, as discussed below, the court concludes that Plaintiff's claims are subject to summary dismissal.

### 1. Insufficient Factual Allegations—Defendants Spartanburg Housing Authority and Michael McCall

To state a plausible claim for relief under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676; see also Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1997) (holding that an official must be personally involved in the alleged deprivation before liability may be imposed). While the court must liberally construe a *pro se* complaint, the United States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Iqbal, 556 U.S. at 677-79; see also Fed. R. Civ. P. 8(a)(2) (providing that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."). Instead, he must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Twombly, 550 U.S. at 570 (holding that a plaintiff must provide sufficient factual allegations to "nudg[e] [the] claims across the line from conceivable to plausible"). In the instant action, Plaintiff does not mention Defendants Spartanburg Housing Authority and Michael McCall in the body of the Complaint or provide any indication that these defendants were personally involved with the alleged failure to provide safety equipment on the day of his accident. As Plaintiff provides insufficient factual allegations to state a plausible claim under § 1983 against Defendants Spartanburg Housing Authority and Michael McCall, these defendants are entitled to summary dismissal from this case.



Moreover, a plaintiff who seeks to assert a § 1983 claim against a municipality for acts done by a municipal official or employee is obliged to identify a municipal policy or custom that caused the plaintiff's injury. See Milligan v. City of Newport News, 743 F.2d 227, 229 (4th Cir. 1984) (holding that a municipality or other local governmental entity may be liable under § 1983 for the violation of a plaintiff's constitutional rights "only where the constitutionally offensive acts . . . are taken in furtherance of some municipal 'policy or custom' ") (quoting Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). The instant Complaint fails to allege that the actions of which Plaintiff complains were done in furtherance of any policy, custom, or practice of Defendant Spartanburg Housing Authority. See Perry v. Hous. Auth. of City of Charleston, 664 F.2d 1210, 1211 (4th Cir. 1981) (finding a local housing authority to be a municipal corporation). Therefore, this defendant is also entitled to summary dismissal from this case for Plaintiff's failure to assert any actionable conduct by this governmental entity.

### 2. Failure to State Claim—Defendant Nathan Bragg

As a general matter, the Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). Thus, under the Eighth Amendment, prisoners are entitled to "adequate food, clothing, shelter, sanitation, medical care and personal safety." Wolfish v. Levi, 573 F.2d 118, 125 (2d Cir.1978) (overruled on other grounds by Bell v. Wolfish, 441 U.S. 520 (1979)); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.' " Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993)). Further,

deliberate indifference is a very high standard, which requires more than a showing of mere negligence, see Estelle, 429 U.S. 97 at 105-06, and "more than ordinary lack of due care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319 (1986).

In the present case, Plaintiff alleges that Defendant Bragg's failure to ensure that Plaintiff wore safety chaps while operating a gas-powered trimmer constitutes incompetence and gross negligence. (ECF No. 1 at 4.) However, Plaintiff provides no factual allegations to plausibly assert that Defendant Bragg's actions rose to the level of an Eighth Amendment violation. Moreover, cases addressing this issue have found that the failure to provide safety equipment "clearly sounds in negligence and does not allege a violation of any [] constitutional rights." Weber v. Bailey, C/A No. 3:10CV317-MU-02, 2010 WL 2867413, at *4 (W.D.N.C. July 20, 2010); see also Jenkins v. Simmons, C/A No. 3:10-1968-CMC-JRM, 2012 WL 5944945, at *5-6 (D.S.C. June 14, 2012) (collecting cases), adopted by 2012 WL 5954246 (D.S.C. Nov. 28, 2012). Therefore, Plaintiff's claim against Defendant Bragg is subject to summary dismissal. See Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").

### 3.  State Law Claim

Plaintiff's state law negligence claim is not cognizable under § 1983. See Daniels v. Williams, 474 U.S. 327, 335-36 n.3 (1986); Pink v. Lester, 52 F.3d 73 (4th Cir. 1995) (holding that Daniels bars an action under § 1983 for negligent conduct). While Plaintiff could pursue a negligence claim in state court, the district court should decline to exercise supplemental jurisdiction over any state law causes of action raised in this case because Plaintiff's federal claims are recommended for summary dismissal. See 28 U.S.C. § 1367(c)(3); see also United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966); Tigrett v. Rector and Visitors of the Univ. of Va., 290 F.3d 620,



626 (4th Cir. 2002) (affirming district court's dismissal of state law claims when no federal claims remained in the case).

### III.    Conclusion

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 11, 2015
Columbia, South Carolina

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).